HOME INS. CO. v. PETERMAN.

(Court of Civil Appeals of Texas. Texarkana. March 19, 1914. Rehearing Denied March 26, 1914.)

1. APPEAL AND ERROR (§ 1066*)—REVIEW—HARMLESS ERROR.

Where the evidence showed no breach of a condition that a fire policy should be void if the property should be vacant "or" unoccupied for ten days, the error in a charge which required the property to be both unoccupied and vacant for a period of ten days is harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4220; Dec. Dig. § 1066.*]

2. INSURANCE (§ 665*)—FIRE INSURANCE—ACTIONS—EVIDENCE.

In an action on a fire policy, evidence held to show that the condition that the policy should be void if the building should be vacant or unoccupied for ten days was not broken.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1555, 1707–1728; Dec. Dig. § 665.*]

Error to Titus County Court; Sam Porter, Judge.

Action by H. W. Peterman against the Home Insurance Company. There was a judgment for plaintiff, and defendant brings error. Affirmed.

This suit is by defendant in error on a policy of fire insurance covering $700 upon a dwelling house. The house was destroyed by fire on March 20, 1912. The insurance company answered by general denial, and specially averred the clause of the policy avoiding it if the dwelling house be or become vacant or unoccupied and so remain for ten days. The judgment was in favor of the plaintiff in accordance with the verdict of the jury.

The evidence establishes the fact of loss of the dwelling house by fire on March 20, 1912, and to the value of $700. The policy contained the provision: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if a building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied and so remain for ten days." The evidence conclusively establishes the fact that there was neither vacancy nor lack of occupancy of the insured building for ten days before its destruction by fire.

Wm. Thompson and Will C. Thompson, both of Dallas, for plaintiff in error. J. M. Burford, and T. C. Hutchings, both of Mt. Pleasant, for defendant in error.

---

LEVY, J. (after stating the facts as above). [1] The court instructed the jury that the policy would be void, and that plaintiff could not recover if the insured building "had, at the time of its destruction, been vacant and unoccupied, and had so remained for a period of ten days prior to its destruction." The plaintiff in error predicates error upon the charge on the ground that, when a policy of fire insurance provides that it shall be void on the happening of either of two contingencies, it is error to charge that both contingencies must happen concurrently before the policy is avoided. The court's charge is technically incorrect, but we do not think it sufficiently affords ground requiring reversal of the judgment, in view of the evidence of this particular case.

[2] The jury could reasonably have returned no other kind of verdict under the evidence than the one returned. It was admitted that Mr. Carpenter was the last occupant of the dwelling house before it burned. As showing there was non-occupancy by Mr. Carpenter for full ten days before the happening of the fire on March 20th the plaintiff in error must rely, if at all, upon the testimony given in respect thereto by Mr. White. The effect of Mr. White's evidence is that, according to his recollection, and without any incident to fix the precise date of removal in his mind, Mr. Carpenter, a tenant of defendant in error, moved to the place known as the Bivens place about one week or two weeks before that place was sold to Martin. He says finally in these words: "Mr. Carpenter moved out there about a week before the sale, according to my best recollection." The deed to Martin of the Bivens place, offered in evidence to fix the date of the sale referred to, showed that the sale was made March 15, 1912. Of course, if the statement is to be construed as meaning and intending to assert as a certain fact that Carpenter had lived there on the Martin place a week before March 15th, the effect of such evidence would be to show that the house of defendant in error was vacated and unoccupied by Carpenter for more than ten full days before its destruction. But it is quite significant that Mr. White only undertakes to give the date according to recollection, and not positively, and his testimony in this respect should therefore be considered in the light of the other testimony, in order to determine the removal.

Carpenter, the tenant, testifies positively, and is corroborated by defendant in error, that he began to move from the house of defendant in error to the place known as the Bivens place, which was bought by Martin on Tuesday, March 12th, before the house burned on Wednesday, March 20th, and that it took three days to move all the furniture out of the house to the new place of Mr. Martin's. Carpenter says he began sleeping at the Bivens place on the night of the sec-

ond day of removing. It is not contended that Carpenter ever moved to the Bivens place but this one time. So it is the present removal to the Bivens place that the witnesses are referring to.

Neither Carpenter nor White has any interest in the lawsuit. And clearly they are each intending to describe the same identical moving from the house of defendant in error to that of Mr. Martin. Carpenter says he is positive of the time and date being as he states the same, while Mr. White risks only his recollection. The conclusion therefore in all the circumstances is reasonably and fairly warranted that Mr. White was not intending to conflict with or dispute the statement of Carpenter that he actually began moving to the Martin house on March 12th, which was three days before the sale of the Martin place on March 15th. There is no reason appearing to indicate an intended conflict or dispute between Carpenter and White as to the day of the actual moving; and reasonably the jury, as men of average fairness and intelligence, would so conclude, and give weight to the real and positive fact that the removal began on March 12, 1912. And, giving the differences of the statements the fairly reasonable interpretation mentioned, there is presented no actual conflict or difference of fact in the record. We therefore overrule the assignments which go to this question, as being without injury.

The third assignment is overruled.

The judgment is affirmed.